UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROBERT W. MCKENNEY,          )
                             )
       Plaintiff             )
                             )
       v.                    )    2:19-cv-00186-NT
                             )
TIMOTHY KORTES, et al.,      )
                             )
       Defendants            )

**RECOMMENDED DECISION AFTER
REVIEW OF PLAINTIFF'S COMPLAINT**

In this action, Plaintiff, an inmate at the York County Jail, alleges that Defendants Timothy Kortes and Steve Butts, who are evidently corrections officers at the Cumberland County Jail, arranged for Plaintiff's transfer from the Cumberland County Jail to the York County Jail in violation of his due process rights. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 3.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's complaint.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND[1]

In April 2019, Plaintiff, who was serving a sentence at the Cumberland County Jail, was due to be moved to the Community Corrections Center. At about the time he was to move to the Community Corrections Center, Plaintiff learned that he had been transferred to the York County Jail. According to Plaintiff, Defendants ordered the transfer. Plaintiff asserts that prior to the transfer he was classified as minimum security, but after transfer to the York County Jail, he was assigned to the maximum security unit. Plaintiff maintains that as a result, he has not had the ability to accrue the same credit toward his release that he would have had he remained in the Cumberland County Jail. Plaintiff alleges the transfer and the loss of credit toward his release constitute a due process violation.

---

[1] The facts are derived from Plaintiff's complaint.

## DISCUSSION

"[A] prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Williams v. Lindamood*, 526 Fed. App'x 559, 563 (6th Cir. 2013) (quoting *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005)); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Therefore, unless his classification has resulted in an "atypical and significant hardship … in relation to the ordinary incidents of prison life," Plaintiff does not have an actionable claim based on any alleged procedural irregularities or misapplication of state law classification standards. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff has alleged no facts that reasonably could be characterized as an "atypical and significant hardship." Plaintiff, therefore, has not asserted an actionable claim.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated the 8th day of July, 2019.

4